UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY COLEMAN, | ) | CASE NO.: 5:22CV364 |
| Plaintiff, | ) ) ) | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

This matter comes before the Court on objections filed by Plaintiff Michael Coleman to the Report and Recommendation ("R&R") of the Magistrate Judge. On September 22, 2022, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the decision of the Commissioner. Doc. 11. On October 6, 2022, Coleman objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In his first objection, Coleman contends that the R&R erred in evaluating his argument that his RFC should have included a need to elevate his legs. Specifically, Coleman contends that he offered his own testimony regarding the need to elevate his legs to relieve swelling and that medical evidence existed to support his contention that his legs swelled. The R&R resolved this argument as follows:

> The Sixth Circuit has held that an ALJ was not required to include in his RFC finding a limitation that a claimant was required to elevate her legs. *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 170 (6th Cir. 2016). The Sixth Circuit explained that "[i]t [was] clear from the record that the ALJ considered [the claimant's leg] swelling and the need for her to elevate her legs." *Id*. Further, although "some treatment records mentioned leg elevation as a treatment for edema, no physician indicated that [the claimant's] edema caused work-related functional limitations, and no medical expert opined that [the claimant] would need to elevate her feet to waist level during the workday or even every day." *Id*. Moreover, the claimant's own testimony indicated that her leg swelling was intermittent and that her medication helped reduce swelling. *Id*. Because the instant case presents a fact pattern similar to *Sorrell*, the same result should be reached here.

Doc. 11 at 17. Coleman contends that unlike the claimant in *Sorrell*, there was no evidence that his swelling was intermittent. Coleman, however, ignores, that *precisely* like the facts in *Sorrell*, he offered no medical evidence of a need to elevate his legs during the workday. Accordingly, the R&R properly found that *Sorrell* supports the result reached by the ALJ.

In his final objection, Coleman contends that the R&R erred when it found that any error related to the treatment of Dr. Yonan's was harmless. Specifically, Coleman takes issue with the fact that Dr. Yonan opined that flare ups of Coleman's condition would occur once per month and cause him to need to be off work for 24 to 48 hours. However, when the vocational expert testified before the ALJ, he noted as follows: "Employers reported they tolerate two absences, tardys, or leaving early. More than two occurrences in a month's period becomes work preclusive." Doc. 4 at 147. Even adopting the higher end of Dr. Yonan's opinion, Coleman would miss 48 hours

of work – or two days.  As the vocational expert opined that employers would tolerate an employee missing two days per month, the R&R correctly found that any error in failing to include this limitation in the RFC was harmless.

For the reasons stated above, Coleman's objections are OVERRULED.  The R&R is ADOPTED IN WHOLE.  The decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


Dated: October 26, 2022                         */s/ John R. Adams*
                                                     JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE